**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ROY DEAN PRATT,**
                **Petitioner,**

**v.**                                        **Civil Action No. 3:19-CV-162
(GROH)**

**R. HUDGINS, Warden,**
                **Respondent.**

## <u>REPORT AND RECOMMENDATION</u>

### I.   INTRODUCTION

On September 30, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.  Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of Kentucky.  Respondent filed a motion to dismiss on December 18, 2019, and Petitioner filed a response on February 18, 2020.  ECF Nos. 16, 22.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

## II.   FACTUAL AND PROCEDURAL HISTORY[1]

### A.   Conviction and Sentence

On September 10, 2015, a grand jury indicted Petitioner and charged him in the Eastern District of Kentucky, case number 7:15-CR-10, with being a felon in possession of a firearm[2] in violation of 18 U.S.C. § 922(g).  ECF No. 1.  On December 2, 2015, a jury convicted Petitioner of the indictment.  ECF No. 32.  Petitioner was sentenced on March 3, 2016, to 320 months of imprisonment.  ECF Nos. 39, 46.

### B. Direct Appeal

On March 5, 2016, Petitioner filed a notice of appeal with the Sixth Circuit, in that court's docket 16-5261.  ECF No. 40.  The Sixth Circuit affirmed Petitioner's conviction and sentence on July 26, 2017.  ECF Nos. 55, 56.

### C. Post-Conviction Relief: Motion to Vacate Under 28 U.S.C. § 2255

On September 14, 2018, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, arguing that he was improperly sentenced under the Armed Career Criminal Act, and that his counsel was ineffective.  ECF Nos. 61, 71 at 2.  The Government filed a response on October 29, 2018, and Petitioner replied on November 13, 2018.  ECF Nos. 67, 69.  A report and recommendation of the United States Magistrate Judge was entered on January 18, 2019.  ECF No. 70.  On March 5, 2019, the District Court adopted the report and recommendation, denied Petitioner's motion for habeas relief and dismissed the motion with prejudice.  ECF

---

[1] All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 7:15-CR-10, in the Eastern District of Kentucky.

[2] Kentucky State Police executed a search warrant pursuant to a drug trafficking investigation which seized eight firearms as well as ammunition from Petitioner's home.  ECF No. 55 at 1 – 2.

No. 71, 72.

Petitioner filed a notice of appeal with the Sixth Circuit on March 15, 2019, in that court's docket number 19-5253.  ECF Nos. 74, 75.  On June 20, 2019, the Sixth Circuit denied Petitioner a certificate of appealability, denied Petitioner's request for mandamus, and dismissed the petition for mandamus.  ECF Nos. 77, 78.

### D.    Claims in Instant § 2241 Petition

The instant § 2241 petition filed with the Court on September 30, 2019, states one ground for relief, that Petitioner's conviction is no longer valid because of the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019).  ECF No. 1 at 5.  For relief, Petitioner requests his conviction be vacated based on his alleged actual innocence.  Id. at 8.  In the memorandum filed with his petition, Petitioner further asks the Court to vacate his sentence.  ECF No. 1-1 at 1.

Respondent filed a motion to dismiss for lack of jurisdiction on December 18, 2019, with attached exhibits.  ECF Nos. 16, 16-1 through 16-3.  On February 18, 2020, Petitioner filed a response which asserted that this Court properly has jurisdiction and arguing that he meets the savings clause tests.  ECF No. 22 at 2.

### III.    LEGAL STANDARDS

### A.    Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss

a case at any time if the Court determines that the complaint is frivolous, malicious, fails

to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief.  A complaint is frivolous if it is without arguable

merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon, baseless
> lawsuits that paying litigants generally do not initiate because
> of the costs of bringing suit and because of the threat of
> sanctions for bringing vexatious suits under Federal Rule of
> Civil Procedure 11. To this end, the statute accords judges
> not only the authority to dismiss a claim based on an
> indisputably meritless legal theory, but also the unusual
> power to pierce the veil of the complaint's factual allegations
> and dismiss those claims whose factual contentions are
> clearly baseless.

Id. at 327.

**B.    Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a

complaint fails to state a claim upon which relief can be granted.  The Federal Rules of

Civil Procedure require only, "'a short and plain statement of the claim  showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim

is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited,

"the accepted rule that  a complaint should not be dismissed for failure to state a claim

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has

acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV.    ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated.  Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is

"inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The

law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective

merely because relief has become unavailable under § 2255 because of (1) a limitation

bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure

to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is

"inadequate or ineffective,"[5] and the standard is an exacting one.  The Fourth Circuit has

announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e)

savings clause. Which test is to be applied depends on whether the petitioner is

challenging the legality of his conviction or the legality of his sentence.  See United States

v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th

Cir. 2000).   When a petitioner is challenging the legality of his conviction, § 2255 is

deemed to be "inadequate or ineffective" only when all three of the following conditions

are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit
> or of the Supreme Court established the legality of the
> conviction;

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> a.      The date on which the judgment of conviction becomes final;
> b.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c.      The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner's sole ground for relief articulated in the petition is that his conviction is no longer valid after the Supreme Court's holding in <u>Rehaif</u>. Petitioner asserts that he is actually innocent of violating 18 U.S.C. § 922(g). ECF Nos. 1 at 8, 1-1 at 2. Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the <u>Jones</u> test to challenge his conviction[6] for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the <u>Jones</u> test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal. The crime Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law. Therefore, Petitioner cannot satisfy the second prong of <u>Jones</u>. Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the <u>Jones</u> requirements, he

---

[6] Petitioner asserts a challenge to his sentence in his memorandum, however, that single reference to Petitioner's sentence is not supported by any other assertions in the petition or memorandum. ECF No. 1-1 at 1. Even if Petitioner were asserting a challenge his sentence, he cannot meet the second prong of <u>Wheeler</u>, because the case he relies on, <u>Rehaif</u>, has not been ruled to apply retroactively to cases on collateral review.

has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that the Respondent's motion to dismiss [ECF No. 16] be **GRANTED.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:        April 17, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

11